UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JACOBS IV,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SUSAN HUBBARD, Warden, et al.,<br><br>　　　　Respondents. | 1:11-cv–00934-SKO-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 6)<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY THE PETITION PURSUANT TO RHINES v. WEBER (Doc. 9)<br><br>ORDER GRANTING PETITIONER THIRTY (30) DAYS FROM THE DATE OF SERVICE OF THIS ORDER TO WITHDRAW PETITIONER'S UNEXHAUSTED CLAIMS AND SEEK A KELLY STAY  (Doc. 9)<br><br>INFORMATIONAL ORDER TO PETITIONER CONCERNING DISMISSAL IF UNEXHAUSTED CLAIMS ARE NOT WITHDRAWN |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on June 17, 2011 (doc. 5). Pending before the Court is Petitioner's motion for a stay and

1

abeyance of the action to permit exhaustion of claims in state court, or, in the alternative, for leave to amend the petition to withdraw unexhausted claims, which was filed on July 19, 2011.

## I. Discharge of the Order to Show Cause

On July 19, 2011, Petitioner filed a timely response to the Court's order to show cause that issued on June 20, 2011.

Accordingly, the order to show cause will be discharged.

## II. Motion for Stay and Abeyance

Preliminarily, the Court notes Petitioner's references to the jurisdiction of this Court to proceed to consider his claims in the absence of objection by Respondent. (Mot., doc. 9, 3.) However, Petitioner does not suggest that the Court proceed to consider the unexhausted claims. The Court reiterates its screening obligation, initially described in the order to show cause. (Doc. 6, 1-2.)

Petitioner concedes that as to the following two claims, state court remedies are unexhausted: 1) a concurrent prison term imposed on count 4, possession of a deadly and dangerous weapon by an inmate in violation of Cal. Pen. Code § 4502(a), must be stayed because the evidence failed to demonstrate that Petitioner possessed a sharp instrument at any time other than when he assaulted and battered correctional officers; and 2) the trial court abused it discretion by imposing a consecutive sentence on count 6, aggravated assault while serving a life sentence in violation of Cal. Pen. Code § 4500, instead of imposing a concurrent term. (Mot., 3.)

Petitioner thus seeks a stay of the action in order to exhaust state court remedies as to the two unexhausted claims,

2

or, in the alternative, leave to file an amended petition from which the unexhausted claims have been deleted, pursue state court remedies, and amend the petition again once the claims have been exhausted. Petitioner declares under penalty of perjury that the two unexhausted claims were not raised by his appellate counsel; Petitioner was unaware of counsel's failure to present the claims or of the claims themselves because of ignorance of the rules of criminal practice, but he seeks to avoid forfeiture of the claims that might result from the operation of the statute of limitations. (Mot. 3, 6.)

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276-77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims

3

first in state court." Id. at 277-78. A stay of a mixed petition pursuant to Rhines is required only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

The Supreme Court has not articulated what constitutes good cause under Rhines, but has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). The Ninth Circuit has held that the standard is less stringent than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances." Id. at 661 (internal quotation marks omitted);

4

1  see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008),
2  cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276
3  (2009) (concluding that a petitioner's impression that counsel
4  had exhausted a claim did not demonstrate good cause).  The
5  principles of Rhines must be applied with an eye toward the
6  AEDPA's dual purposes of reducing delays in executing state and
7  federal criminal sentences and streamlining federal habeas
8  proceedings by increasing a petitioner's incentive to exhaust all
9  claims in state court.  Wooten v. Kirkland, 540 F.3d at 1024.
10      In Wooten, the petitioner's reliance on appellate counsel to
11 raise issues was held not to constitute good cause because if
12 such a circumstance were sufficient to warrant relief, the
13 purposes of the exhaustion requirement would be undermined by
14 routine stays.  The present case presents similar justifications
15 of reliance on counsel as well as ignorance of the law.  If
16 Petitioner's showing constituted good cause, then relief under
17 Rhines would conceivably be available in almost all cases.
18 However, the Court has stated that such a stay should be granted
19 in only limited circumstances.  Rhines v. Weber, 544 U.S. at 277-
20 78.
21      Accordingly, although it appears that Petitioner's claims
22 are potentially meritorious, and there is no indication that the
23 petitioner intentionally engaged in dilatory litigation tactics,
24 it is concluded that Petitioner has failed to show good cause.
25 Thus, Petitioner's request for a stay pursuant to Rhines will be
26 denied.
27 ///
28 ///

The Court can stay the petition pursuant to the procedure set forth in Kelly v. Small.¹ Petitioner will be given an opportunity to withdraw the two unexhausted claims in his petition and to have the fully exhausted petition stayed pending exhaustion of the other claims in state court. The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

III. Disposition

Accordingly, it is hereby ORDERED that:

1) The order to show cause issued on June 20, 2011, is DISCHARGED; and

2) Petitioner motion for a stay of the instant petition pursuant to Rhines v. Weber is DENIED; and

3) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims and to seek a stay of the fully exhausted petition. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the

///
///
///

---

[1] It is unclear whether Petitioner will have sufficient time to be able to exhaust his unexhausted claims. However, no statute of limitations protection is imparted in a King/Kelly stay, nor are the exhausted claims adjudicated in this Court during the pendency of such a stay. Further, the undersigned is not making any determination at this time that Petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.

6

entire petition without prejudice.[2]

IT IS SO ORDERED.

Dated:     **August 23, 2011**                              /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001).
Petitioner is further informed that the Supreme Court has held in pertinent part:
[I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).
Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

7