UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE JACOBS IV, | ) | 1:11-cv—00934-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO AMEND THE PETITION TO |
| | ) | WITHDRAW UNEXHAUSTED CLAIMS |
| v. | ) | (DOC. 13) |
| | ) | |
| SUSAN HUBBARD, Warden, et al., | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY AND ABEYANCE |
| Respondents. | ) | (DOC. 13) AND STAYING THE |
| | ) | PROCEEDINGS PENDING EXHAUSTION OF |
| | ) | STATE COURT REMEDIES |

ORDER DIRECTING PETITIONER TO FILE STATUS REPORTS EVERY THIRTY (30) DAYS

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on June 17, 2011 (doc. 5). Pending before the Court is Petitioner's motion, filed on October 3, 2011, to withdraw the unexhausted claims in the petition and for a stay and abeyance of the fully exhausted petition pending exhaustion of state court remedies as to the withdrawn claims.

1

I.  Motion to Withdraw Unexhausted Claims

Petitioner alleges four claims in the petition: 1) with respect to Petitioner's conviction in count two of battery by a prisoner on a non-confined person in violation of Cal. Pen. Code § 4501.5, the evidence failed to establish that Petitioner wilfully touched the victim in a harmful offensive manner; 2) a concurrent prison term imposed on count four, possession of a deadly and dangerous weapon by an inmate in violation of Cal. Pen. Code § 4502(a), must be stayed because the evidence failed to demonstrate that Petitioner possessed a sharp instrument at any time other than when assaulted and battered correctional officers; 3) the trial court abused its discretion by imposing a consecutive sentence on count six, aggravated assault while serving a life sentence in violation of Cal. Pen. Code § 4500, instead of imposing a concurrent term; and 4) Petitioner's sentence constituted cruel and unusual punishment under the state and federal constitutions.  (Pet. 6-9.)

Petitioner conceded that he did not exhaust state court remedies as to his second claim concerning the absence of evidence to demonstrate Petitioner's possession of a sharp instrument, and as to his third claim concerning the consecutive term.  (Doc. 9, 3.)  In response to the Court's order of August 24, 2011, Petitioner has moved in accordance with the Court's order to withdraw the unexhausted claims and to stay the proceedings on the fully exhausted claims pending exhaustion of state court remedies.

Accordingly, Petitioner's motion to amend the petition to withdraw the unexhausted claims will be granted.

1    II.  Motion for Stay of the Proceedings

2    Petitioner moves to stay the petition pursuant to Kelly v.
3    Small, 315 F.3d 1063 (9th Cir. 2003).

4    A district court has discretion to stay a petition which it
5    may validly consider on the merits. Rhines v. Weber, 544 U.S.
6    269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir.
7    2009). A petition may be stayed either under Rhines, or under
8    Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564
9    F.3d 1133, 1138-41 (9th Cir. 2009).

10   In the three-step procedure under Kelly, 1) the petitioner
11   files an amended petition deleting the unexhausted claims; 2) the
12   district court stays and holds in abeyance the fully exhausted
13   petition; and 3) the petitioner later amends the petition to
14   include the newly exhausted claims. See, King v. Ryan, 564 F.3d
15   1133, 1135 (9th Cir. 2009). However, the amendment is only
16   allowed if the additional claims are timely. Id. at 1140-41.

17   In this case, Petitioner meets the qualifications for a
18   Kelly stay. The petition contained two unexhausted claims which
19   have been withdrawn. Thus, the instant petition is already
20   exhausted, and the first step of the Kelly procedure is complete.

21   Therefore, the Court will stay the proceedings according to
22   the second step of the Kelly procedure. Petitioner will be
23   instructed to file status reports of his progress through the
24   state courts. Once the California Supreme Court renders its
25   opinion, provided the opinion is a denial of relief, Petitioner
26   must file an amended petition including all of his exhausted
27   claims. Petitioner is forewarned that claims may be precluded as
28   untimely if they do not comport with the statute of limitations

3

set forth in 28 U.S.C. § 2244(d).[1]

III. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion to amend the petition to withdraw the unexhausted claims is GRANTED; and

2) Petitioner's motion for stay of the proceedings is GRANTED pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); and

3) The proceedings are STAYED pending exhaustion of state remedies; and

4) Petitioner is DIRECTED to file a status report of his progress in the state courts within thirty (30) days, and then every thirty (30) days thereafter until exhaustion is complete; and

5) Within thirty (30) days after the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

Petitioner is forewarned that failure to comply with this Order will result in the Court's vacating the stay.

IT IS SO ORDERED.

**Dated:   December 9, 2011**           /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner states in his motion that the statute of limitations should not bar Petitioner's return to this Court with the newly exhausted claims. (Doc. 13, 2-3.) In this regard, the Court notes that it is unclear whether Petitioner will have sufficient time to be able to exhaust his unexhausted claims. However, no statute of limitations protection is imparted in a King/Kelly stay, nor are the exhausted claims adjudicated in this Court during the pendency of such a stay. Further, the undersigned is not making any determination at this time that Petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.

4