1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                     EASTERN DISTRICT OF CALIFORNIA

8

9  GEORGE JACOBS IV,              ) 1:11-cv—00934-SKO-HC
                                  )
10                 Petitioner,    ) ORDER DEEMING PETITIONER'S STATUS
                                  ) REPORT TO BE A MOTION TO WITHDRAW
11                                ) THE FIRST AMENDED PETITION AND TO
        v.                        ) PROCEED ON THE CLAIMS STATED IN
12                                ) THE ORIGINAL PETITION (DOCS. 17,
   SUSAN HUBBARD, Warden, et al.,)  16, 1)
13                                )
                   Respondents.   ) ORDER DISSOLVING THE STAY OF THE
14                                ) PROCEEDINGS (DOC. 14) AND
   _____) GRANTING PETITIONER'S MOTION TO
15                                  PROCEED ON THE ORIGINAL PETITION
                                    (DOC. 17)
16
                                    ORDER DISMISSING PETITIONER'S
17                                  STATE LAW CLAIMS (DOC. 1)

18                                  ORDER REQUIRING RESPONDENT TO
                                    FILE A RESPONSE TO THE PETITION
19
                                    ORDER SETTING A BRIEFING SCHEDULE
20
                                    ORDER DIRECTING THE CLERK TO
21                                  SERVE DOCUMENTS ON THE ATTORNEY
                                    GENERAL
22

23
24       Petitioner is a state prisoner proceeding pro se and in

25  forma pauperis with a petition for writ of habeas corpus pursuant

26  to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

27  Petitioner has consented to the jurisdiction of the United States

28  Magistrate Judge to conduct all further proceedings in the case,

                                    1

1 including the entry of final judgment, by manifesting consent in
2 a signed writing filed by Petitioner on June 17, 2011 (doc. 5).
3       Pending before the Court is Petitioner's "30-DAY STATUS
4 REPORT," filed on February 17, 2012, which the Court DEEMS to be
5 a request to 1) withdraw the first amended petition (FAP) (doc.
6 16), filed on January 27, 2012, and 2) proceed on his original
7 petition filed on June 9, 2011, which Petitioner represents
8 contains only fully exhausted claims.
9       I.  <u>Background</u>
10      Because Petitioner had not exhausted his state court
11 remedies as to some of the claims set forth in the original
12 petition, Petitioner withdrew the unexhausted claims from the
13 original petition in order to exhaust state court remedies with
14 respect to those claims.  On December 12, 2011, the Court stayed
15 the proceedings on the exhausted claims pending Petitioner's
16 exhaustion of state court remedies as to the remaining claims.
17 On January 27, 2012, while state court remedies were being
18 exhausted, Petitioner filed the FAP, which contained only the
19 claims that appeared to be fully exhausted when the original
20 petition was filed.
21      On February 17, 2012, Petitioner filed a status report
22 stating that the California Supreme Court had denied Petitioner's
23 petition for writ of habeas corpus on February 1, 2012.
24 Petitioner seeks to withdraw the FAP and to proceed on the
25 original petition.
26      I.  <u>Motion to Withdraw the FAP and Dissolution of the Stay</u>
27      Whether styled as a motion to withdraw the FAP or a motion
28 to amend the petition to restate the claims that are now

2

1  exhausted, Petitioner's request will be granted.  For the

2  purposes of additional screening of the petition by the Court and

3  obtaining a response to the petition from the Respondent,

4  Petitioner may proceed on the claims set forth in the original

5  petition.

6      Further, although Petitioner does not expressly request that

7  the stay of the proceedings be lifted, the relief Petitioner

8  requests necessarily requires that the stay of the instant

9  proceeding be dissolved.  Accordingly, the Court will order that

10  the stay of the proceedings be dissolved.

11      II.   <u>Dismissal of Petitioner's State Law Claims</u>

12      Petitioner alleges that with respect to count 6, the trial

13  court abused its discretion in imposing a consecutive sentence

14  instead of a concurrent term.  (Pet. 8-9.)  Petitioner further

15  alleges that the sentence of an indeterminate term of 104 years

16  to life and a determinate term of eighty (80) years to life

17  constitutes cruel and unusual punishment under the state

18  constitution as well as the Federal Constitution.  (<u>Id.</u>)

19          A.   <u>Legal Standards</u>

20      Rule 4 of the Rules Governing § 2254 Cases in the United

21  States District Courts (Habeas Rules) requires the Court to make

22  a preliminary review of each petition for writ of habeas corpus.

23  The Court must summarily dismiss a petition "[i]f it plainly

24  appears from the petition and any attached exhibits that the

25  petitioner is not entitled to relief in the district court...."

26  Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.

27  1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.

28  1990).  Habeas Rule 2(c) requires that a petition 1) specify all

grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; the petition must state facts
that point to a real possibility of constitutional error.  Rule
4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,
915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75
n.7 (1977)).  Allegations in a petition that are vague,
conclusory, or palpably incredible are subject to summary
dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.
1990).

     Further, the Court may dismiss a petition for writ of habeas
corpus either on its own motion under Habeas Rule 4, pursuant to
the respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

     A petition for habeas corpus should not be dismissed without
leave to amend unless it appears that no tenable claim for relief
can be pleaded were such leave granted.  Jarvis v. Nelson, 440
F.2d 13, 14 (9th Cir. 1971).

     Federal habeas relief is available to state prisoners only
to correct violations of the United States Constitution, federal
laws, or treaties of the United States.  28 U.S.C. § 2254(a).
Federal habeas relief is not available to retry a state issue
that does not rise to the level of a federal constitutional
violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16
(2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged
errors in the application of state law are not cognizable in

4

1  federal habeas corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th
2  Cir. 2002) (an ex post facto claim challenging state court's
3  discretionary decision concerning application of state sentencing
4  law presented only state law issues and was not cognizable in a
5  proceeding pursuant to 28 U.S.C. § 2254); <u>Langford v. Day</u>, 110
6  F.3d 1380, 1389 (9th Cir. 1996).  The Court accepts a state
7  court's interpretation of state law.  <u>Langford v. Day</u>, 110 F.3d
8  1380, 1389 (9th Cir. 1996).  In a habeas corpus proceeding, this
9  Court is bound by the California Supreme Court's interpretation
10 of California law unless the interpretation is untenable or a
11 veiled attempt to avoid review of federal questions.  <u>Murtishaw</u>
12 <u>v. Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

13       B.  <u>Analysis</u>

14      Here, Petitioner's claim that the sentencing court's choice
15 of a consecutive term was an abuse of discretion under state law
16 is based solely on state sentencing law.  Accordingly, this claim
17 is not cognizable in this proceeding brought pursuant to 28
18 U.S.C. § 2254.

19      To the extent that Petitioner's claim that his sentence was
20 cruel and unusual punishment is based on the state constitution
21 or other provisions of state law, the claim is a state law claim
22 and thus is not cognizable in a proceeding for federal habeas
23 corpus relief.  Although Petitioner's claim of cruel and unusual
24 punishment under the Federal Constitution can be considered in
25 this proceeding, to the extent that the claim rests on state law,
26 it must be dismissed.

27      In summary, Petitioner's state law claims will be dismissed
28 because they are not subject to review in this proceeding.

1    III.   <u>Response to the Petition</u>

2        The Court has conducted a preliminary review of the

3    petition.  It is not clear from the face of the petition whether

4    Petitioner is entitled to relief.  28 U.S.C. § 2243.

5    Accordingly, pursuant to Rule 4 of the Rules Governing Section

6    2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1]

7    the Court will direct Respondent to file a response and will

8    issue a scheduling order.

9        IV.   <u>Disposition</u>

10        Accordingly, it is ORDERED that:

11        1)   The stay of this proceeding that issued on December 12,

12    2011, is DISSOLVED; and

13        2)   Petitioner's request to withdraw the first amended

14    petition and to proceed on the claims in the original petition is

15    GRANTED; and

16        3)   Petitioner's claim that the sentencing court's choice of

17    a consecutive term was an abuse of discretion under state law,

18    and Petitioner's claim that his sentence was cruel and unusual

19    punishment under the state constitution are DISMISSED as not

20    cognizable in a proceeding brought pursuant to 28 U.S.C.

21    § 2254; and

22        4)   The Court hereby ORDERS:

23

24    _____

25        [1]The Federal Rules of Civil Procedure "apply to proceedings for habeas
      corpus ... to the extent that the practice in those proceedings (A) is not
26    specified in a federal statute, the Rules Governing Section 2254 Cases, or the
      Rules Governing Section 2255 Cases; and (B) has previously conformed to the
27    practice in civil actions."  Fed. R. Civ. P. 81(a)(4).  Rule 12 also provides
      "[t]he Federal Rules of Civil Procedure, to the extent that they are not
28    inconsistent with any statutory provisions or these rules, may be applied to a
      proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.

1    a) Respondent SHALL FILE a RESPONSE to the petition[2] within

2  **SIXTY (60) days** of the date of service of this order.  See Rule

3  4, Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770

4  F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix

5  time for filing a response).  A response can be made by filing

6  one of the following:

7    i. An ANSWER addressing the merits of the petition.

8  Respondent SHALL INCLUDE with the ANSWER any and all transcripts

9  or other documents necessary for the resolution of the issues

10 presented in the petition.  See Rule 5, Rules Governing Section

11 2254 Cases.  Any argument by Respondent that a claim of

12 Petitioner has been *procedurally defaulted* SHALL BE MADE in the

13 ANSWER, but must also address the merits of the claim asserted.

14    ii. A MOTION TO DISMISS the petition.  A motion to

15 dismiss SHALL INCLUDE copies of all Petitioner's state court

16 filings and dispositive rulings.  See Rule 5, Rules Governing

17 Section 2254 Cases.[3]

18    b.  If Respondent files an answer to the petition,

19 Petitioner MAY FILE a traverse within **THIRTY (30) days** of the

20 date Respondent's answer is filed with the Court.  If no traverse

21 is filed, the petition and answer are deemed submitted at the

22 _____

23    [2]Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

24    [3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the

25 Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rule 4, Rules

26 Governing Section 2254 Cases; <u>see also</u> Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate

27 the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust);

28 <u>White v. Lewis</u> , 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

1  expiration of the thirty (30) days.

2      c.  If Respondent files a motion to dismiss, Petitioner

3  SHALL FILE an opposition or statement of non-opposition within

4  **TWENTY-ONE (21) days** of the date Respondent's motion is filed

5  with the Court.  If no opposition is filed, the motion to dismiss

6  is deemed submitted at the expiration of the thirty (30) days.

7  Any reply to an opposition to the motion to dismiss SHALL BE

8  FILED within **SEVEN (7) days** after the opposition is served.

9      d. Unless already submitted, both Respondent and Petitioner

10 SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a

11 consent/decline form indicating whether the party consents or

12 declines to consent to the jurisdiction of the United States

13 Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

14     e. The Clerk of the Court is DIRECTED to SERVE a copy of

15 this order on the Attorney General or his representative.

16     All motions shall be submitted on the record and briefs

17 filed without oral argument unless otherwise ordered by the

18 Court.  Local Rule 230(l).  Extensions of time will only be

19 granted upon a showing of good cause.  All provisions of Local

20 Rule 110 are applicable to this order.

21

22 IT IS SO ORDERED.

23 **Dated:    March 27, 2012          /s/ Sheila K. Oberto**

24                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28